**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CURTIS PEGUES, ID # 39466-177,** ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:10-CV-2171-D-BH |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **Defendant.** ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was automatically referred for screening. Based on the applicable law, plaintiff's claims should be dismissed for want of prosecution.

### I. BACKGROUND

On July 2, 2010, Plaintiff filed a motion for return of property under Fed. R. Crim. P. 41(g) in his criminal case, No. 3:09-CR-253-D. (*See* doc. 19.) The government responded with a motion seeking to apply currency it seized from Plaintiff to the mandatory special assessment he owes as a result of the criminal judgment, and to fines and costs he owes as a result of a state conviction. (*See* doc. 22.) Plaintiff responded to the motion on August 6, 2010, by agreeing to an offset for the mandatory special assessment but objecting to application of the remainder of the currency to any state fines or costs. (*See* doc. 23.) Because the underlying criminal action had already concluded, it was recommended on September 10, 2010, that the motion be construed as a civil action for the return of property under the court's general equity jurisdiction under 28 U.S.C. § 1331, and that a new case be opened. (*See* doc. 25.) On October 28, 2010, the Court accepted the recommendation and ordered that the motion be construed and opened as a new civil case. (*See* doc. 26.)

After this case was opened and docketed on November 2, 2010, the Court issued a notice of deficiency and order advising Plaintiff that he was required to pay the filing fee or submit a request

to proceed *in forma pauperis*.[1] (*See* doc. 3.) Both the order adopting the findings, conclusions and recommendation in the criminal case, and the notice and order in the civil case, were returned as undeliverable on November 23, 2010. (*See* docs. 27, 4.) The website for the Bureau of Prisons reflects that Plaintiff was released from custody on October 8, 2010. He has changed addresses without notifying the Court, and he has not filed anything else in either his criminal case or this civil case or otherwise shown that he seeks to proceed with his action for return of property.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has changed addresses without notifying the Court, and an order has been returned as undeliverable. He has not filed anything in either his criminal or civil cases or otherwise shown that he intends to proceed. His action for return of property should therefore be dismissed for want of prosecution.

## III. RECOMMENDATION

Plaintiff's case should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). The Government should also be directed to advise the Court whether it intends to proceed with its motion to apply funds to criminal debt.

---

[1] The September 10, 2010 findings and recommendation noted that Plaintiff would be subject to the provisions of the Prison Litigation Reform Act ("PLRA") and the required payment of the $350 filing fee either in a lump sum or in installments in a civil action. (*See* doc. 25 at 2 n. 1) (citing *Pena v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997)).

2

**SIGNED on this 13th day of December, 2010.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE